## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| YOLANDA R. BURGESS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:11-CV-1536-AGF |
| SARAH KNAGGS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Yolanda R. Burgess for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Amended Complaint and Exhibits**

On October 4, 2011, this Court entered a Memorandum and Order [Doc. #5], instructing plaintiff to file an amended exhibit to her complaint, because she had included a document containing her entire social security number. See Local Rule 5-2.17(A)(1). The Court further ordered that if plaintiff failed to comply, it would strike said exhibit from the record. In response, plaintiff filed an amended complaint with exhibits [Doc. #6]. Upon review, the Court finds that plaintiff has failed to redact her social security number from the document titled "Enrollment Agreement" [Doc. #6, page 13 of 19, page I.D. #56]. As such, the Court will strike this document from the record.

Plaintiff brings this action against defendants Sarah Knaggs, ("Director"), Erin Head ("Manager"), and Ashley Houston ("student"). Plaintiff alleges that she was harassed while attending the Xenon International Cosmetology Academy in Ballwin, Missouri. Specifically, plaintiff claims that when she asked for help, defendant Knaggs would make her wait, forcing plaintiff to ask another instructor on a different floor. In addition, after student Ashley Houston reported that her cell phone had been stolen, Knaggs told plaintiff that "some student told her they [had] seen [her] with her stuff," and that if any other items were reported missing, Knaggs would come straight to plaintiff and she would be terminated from the program. Plaintiff also claims that her constitutional rights were violated when the police were called because her ride did not arrive to pick her up. For relief, plaintiff asks the Court to give her and defendants Houston and Knaggs a lie detector test and to appoint her an attorney so she can "do bankruptcy against that school" or sue the school for falsely accusing her of doing something she did not do. Plaintiff states in the complaint form that she is not seeking monetary damages.

**Discussion**

In the portion of the complaint form that requests the party to state the grounds for filing this action in Federal Court, plaintiff merely states: "At Xenon International Academy." Liberally construing the complaint as having been brought pursuant to 28 U.S.C. § 1332, the Court finds that federal subject matter jurisdiction is lacking. The amount in controversy does not appear to exceed $75,000, and complete diversity of citizenship appears to be lacking. See 28 U.S.C. § 1332.

Liberally construing this action under 42 U.S.C. § 1981, the Court finds that the complaint is legally frivolous and fails to state a claim or cause of action.  Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right   . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, plaintiff must establish that defendants purposefully and intentionally discriminated against her on the basis of race.  See General Bdg. Contractors Ass'n v. Pennsylvania, 458 U.S. 374, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988).  There are no such allegations in the instant action.

Liberally construing this action under 42 U.S.C. § 1983, the Court finds that the complaint is legally frivolous because it does not appear, and plaintiff does not allege, that defendants are state actors.  See  Andrews v. City of W. Branch, Iowa, 454 F.3d 914, 918 (8th Cir. 2006)(to state claim under § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law).  Moreover, plaintiff's allegations against defendants Knaggs and Houston simply do not rise to the level of a constitutional violation, and she has failed to assert any claims against defendant Head.  For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #  2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the exhibit document titled "Enrollment Agreement" [Doc. #6, page 13 of 19, page I.D. #56] is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue

upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of December, 2011.

_____
**UNITED STATES DISTRICT JUDGE**